UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL ACTION NO. 13-68-DLB-CJS-10
CIVIL ACTION NO. 18-80-DLB-CJS

UNITED STATES OF AMERICA                  PLAINTIFF

v.                  **REPORT AND RECOMMENDATION**

FELIX AGUNDIZ-MONTES                  DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Felix Agundiz-Montes, *pro se*, moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (R. 829). The Government has responded (R. 836), and Agundiz-Montes has replied (R. 842). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). For the reasons given below, it will be recommended that Defendant's § 2255 motion be denied.

**I.**      **FACTUAL AND PROCEDURAL BACKGROUND**

A jury convicted Agundiz-Montes of conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846; three counts of attempted possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846; aiding and abetting in attempted possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2; and conspiracy to launder money, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). (R. 707; *see* R. 413; R. 572). Defendant was sentenced to 155 months in prison, to be followed by 10 years of supervised release. (R. 707).

On direct appeal, Agundiz-Montes argued the following claims: "the government created a prejudicial variance when it charged a single drug conspiracy in the indictment, but presented

evidence at trial that sufficed to prove two separate conspiracies: one for marijuana and one for heroin"; the evidence was insufficient to support his conviction for conspiracy to launder money; and the district judge attributed a greater amount of heroin to him at sentencing than was warranted. *United States v. Agundiz-Montes*, 679 F. App'x 380, 383-84, 387, 390 (6th Cir. 2017). Finding no error, the Sixth Circuit affirmed. *Id.* at 392.

Agundiz-Montes filed this § 2255 motion (R. 824), later amended (R. 829), arguing the following claims: (1) trial counsel provided ineffective assistance by failing to adequately investigate the facts of the case and research the applicable law; (2) trial counsel was ineffective for failing to move to sever his "case from the other defendants who were accused of other charges unrelated to the possession and distribution of marijuana"; (3) trial counsel was ineffective for failing to obtain and present records showing the insufficiency of the evidence on his conspiracy to launder money charge; and (4) the district judge erred by attributing a greater amount of heroin to him at sentencing than was warranted.[1] (R. 829, Page ID 7501-05) (capitalization omitted). The Government contends that these claims are meritless. (R. 836).

## II.   ANALYSIS

Under § 2255(a), a defendant may seek relief on grounds that his conviction or sentence violated the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. To succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th

---

[1] As will be discussed, Agundiz-Montes also argues that his trial counsel was ineffective for failing to litigate his fourth issue. (R. 829, Page ID 7524).

Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).  To obtain relief for a non-constitutional error, a defendant "must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  *Id.* (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990)).  In sum, a defendant must allege in his § 2255 motion that: (1) his conviction was the result of an error of constitutional magnitude; (2) his sentence was imposed outside of statutory limits; or (3) there was an error of law or fact so fundamental as to render the proceedings invalid.  *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  A defendant must prove his allegations by a preponderance of the evidence.  *Pough*, 442 F.3d at 964; *Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018).

      A.      **Agundiz-Montes's ineffective-assistance claims are meritless**

Agundiz-Montes's first three claims argue that his trial counsel was ineffective.  To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*.  A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances."  *Id*. at 688.  Judicial scrutiny of counsel's performance, however, is "highly deferential," consisting of a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.  Notably, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the

3

distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id*. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id*. at 697. ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.").

In his first claim, Agundiz-Montes argues that his trial counsel was ineffective for failing to adequately investigate the law and facts of his case. (*See* R. 829, Page ID 7517). Specifically, he alleges that "[h]ad counsel thoroughly and diligently investigated the facts of the case and the law of multiple conspiracies, he could have demonstrated to the district court that a serious variance of the indictment existed." (*Id.* at 7518). The Government argues that this claim is meritless, relying largely on the Sixth Circuit's adjudication of Agundiz-Montes's prejudicial-variance claim on direct appeal. (R. 836, Page ID 7548-49).

Agundiz-Montes's claim is indeed tied to the prejudicial-variance claim that he unsuccessfully litigated on appeal. *See Agundiz-Montes*, 679 F. App'x 384-85. The principal difference is that Agundiz-Montes presents it as an ineffective-assistance claim, which is arguably

an improper attempt to repackage his failed appellate claim. *See Clemons v. United States*, No. 3:01-CV-496, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) ("Clemons cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal.").

However, the Sixth Circuit has cautioned against a blank prohibition on addressing claims decided adversely to a defendant on appeal but brought as ineffective-assistance claims in a § 2255 motion where a finding of ineffective assistance would not contradict the holding on direct appeal. *See Hestle v. United States*, 426 F. App'x 366, 368 (6th Cir. 2011). For example, in this case, the Sixth found sufficient evidence to convict Agundiz-Montes of conspiring to launder money. *Agundiz-Montes*, 679 F. App'x at 387. However, as will be further discussed in claim three, Agundiz-Montez argues that, had counsel presented the appropriate evidence at trial, the result would have been different. Assuming, arguendo, that trial counsel was ineffective in this regard, such a ruling would not contradict the Sixth Circuit's holding on appeal that the evidence, *as presented at trial*, was sufficient to convict.

Because such possibilities exist, Agundiz-Montes's first and remaining claims, all of which in some form dredge up issues decided adversely against him on appeal, will be considered.[2] However, it is worth emphasizing that Agundiz-Montes will not be getting a second bite at the apple—the focus here remains whether he has demonstrated that his "counsel's representation fell below an objective standard of reasonableness" and, if so, whether he has shown that "there is a reasonable probability that . . . the result of the proceeding would have been different." *Strickland*,

---

[2] As will be discussed below, a variation of Agundiz-Montes's fourth claim will be rejected as seeking to relitigate an issue decided adversely on appeal.

466 U.S. at 688, 694. With this guidepost in mind, Agundiz-Montes's first claim undoubtedly fails.

A prejudicial variance occurs in the conspiracy context when "an indictment alleges one conspiracy, but the evidence can reasonably be construed *only* as supporting a finding of multiple conspiracies." *Agundiz-Montes*, 679 F. App'x at 384 (quoting *United States v. Warner*, 690 F.2d 545, 548 (6th Cir. 1982)). Agundiz-Montes argues that multiple conspiracies existed in his case, conceding that he was involved in a marijuana-distribution conspiracy but not marijuana-cultivation or heroin conspiracies. (R. 829, Page ID 7519).

Agundiz-Montes overlooks a threshold finding—the Sixth Circuit concluded that "the government provided ample evidence to support a rational juror's finding of a single, overarching conspiracy." *Agundiz-Montes*, 679 F. App'x at 384. There was thus no variance, let alone a prejudicial one.

And most importantly, Agundiz-Montes has failed to explain how his counsel rendered deficient performance on this issue or how the result of the proceeding would have been different. Instead, he offers only conclusory assertions: "If not for . . . counsel's ineffectiveness, the jury may have found the Petitioner guilty only on the marijuana scheme but not on the heroin conspiracy." (R. 829, Page ID 7519). But such failure to develop an ineffective-assistance claim dooms it. *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir.), *reh'g denied* (Apr. 27, 2017), *cert. denied*, 138 S. Ct. 261 (2017) (finding defendant's ineffective-assistance claim waived where he failed to "articulate how [counsel's] actions specifically were deficient or how they specifically prejudiced the outcome of the case").

The only developed argument that Agundiz-Montes offers is his contention that the jury did not believe him to be involved in the heroin conspiracy because the jury found him responsible

for a relatively small amount of heroin.  (R. 829, Page ID 7519; *compare* R. 572, Page ID 1749 (jury verdict finding Agundiz-Montes responsible for 100 grams or more but less than 1000 grams of heroin in connection with his conspiracy to distribute heroin conviction); *with Agundiz-Montes*, 679 F. App'x at 390 ("[T]wo coconspirator plea agreements pegg[ed] the amount of heroin at one to three kilograms.")).  To the extent that this argument still seeks to argue the existence of multiple conspiracies, once again, there was a single overarching conspiracy.

To the extent that Agundiz-Montes argues that counsel was ineffective for failing to show that he was not a participant in the conspiracy because he had a minor role, he is mistaken. The simple fact that the jurors attributed a relatively low amount of heroin to Agundiz-Montes does not mean that they believed him innocent of conspiracy to distribute heroin.  (*See* R. 829, Page ID 7519).  It simply means that they attributed a relatively low quantity of drugs from the conspiracy to him.  As the Sixth Circuit noted on appeal, only a slight amount of evidence was necessary to connect Agundiz-Montes to the conspiracy and he did not need to "participate in all parts or know all other conspirators to be [a] member[] of the conspiracy."  *Agundiz-Montes*, 679 F. App'x at 385.  And there was sufficient evidence of his participation in the conspiracy.

> Agundiz-Montes continued to manage the delivery of marijuana through commercial carriers after he learned about the heroin operation.  His knowledge of heroin sales, combined with his sustained involvement in the drug-trafficking scheme despite that knowledge, provided a rational jury with sufficient evidence to infer that he participated in the conspiracy with full knowledge of its scope.

*Id.*  Accordingly, Agundiz-Montes's first claim fails.

In his second claim, Agundiz-Montes argues that his trial counsel was ineffective for failing to move "to sever his case from the other conspirators."  (R. 829, Page ID 7519).  The Government argues that this claim is meritless.  (R. 836, Page ID 7549-50).  Review of Agundiz-

Montes's specific arguments reveals that this claim, like his first, is directed to his mistaken belief that a prejudicial variance existed:

> Defense counsel [failed] to investigate the facts involved in such marijuana conspiracy and thereafter argue before the jury that the Petitioner was factually and actually innocent of the other two conspiracies. That is, the heroin and cultivating of marijuana conspiracies. If not for the counsel's ineffectiveness in failing to adequately research the case and so prepare for trial, the jury may have found the Petitioner innocent of the two other conspire[a]cies and found him guilty solely of the [conspiracy] to possess with intent to distribute marijuana charge.

(R. 829, Page ID 7520). Again, there was no variance—Agundiz-Montes cannot thus claim that his counsel was ineffective for failing to move to sever his trial to avoid a variance.

In a related argument, Agundiz-Montes argues that his counsel should have moved to sever because "there were multiple defendants involved and multiple charges that were divided among the multiple defendants" and the evidence as to these defendants spilled over to him. (*Id.* at 7521). However, so-called "spillover evidence" generally does not require severance "unless [the] defendant can point to specific substantial, undue, or compelling prejudice." *United States v. Maddux*, 917 F.3d 437, 449 (6th Cir. 2019) (quoting *United States v. Fields*, 763 F.3d 443, 457 (6th Cir. 2014)); *see also Zafiro v. United States*, 506 U.S. 534, 540 (1993) ("[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."). Here, Agundiz-Montes points to no such evidence.

Further, then presiding District Judge Amul R. Thapar instructed the jury to separately consider the evidence against each defendant. *See United States v. Washington*, 565 F. App'x 458, 466 (6th Cir. 2014) (noting that spillover evidence may be cured by a limiting instruction); (R. 570, Page ID at 1681). Moreover, the Sixth Circuit concluded that there was "no possibility that the guilt of his coconspirators or activities of a separate conspiracy improperly influenced the

8

conviction of Agundiz-Montes." *Agundiz-Montes*, 679 F. App'x at 385. Accordingly, Agundiz-Montes has failed to demonstrate that trial counsel was ineffective for failing to move to sever.

In his third claim, Agundiz-Montes argues that trial counsel was ineffective for failing to obtain and present records showing the insufficiency of the evidence on his conspiracy to launder money charge. (R. 829, Page ID 7522). The Government argues that this claim is meritless. (R. 836, Page ID 7550-51).

In addressing Agundiz-Montes's challenge to the sufficiency of the evidence on his conspiracy to commit money laundering charge, the Sixth Circuit noted that one of the required elements to support the charge was that Agundiz-Montes conspired to conduct a financial transaction with the proceeds of unlawful activity. *Agundiz-Montes*, 679 F. App'x at 387. The Sixth Circuit found the evidence sufficient, citing financial transactions Agundiz-Montes made using drug proceeds—it rejected Agundiz-Montes's argument that the money could have come from lawful sources, such as his home remodeling and maintenance jobs. *Id.* at 388.

Agundiz-Montes now argues that he provided counsel with business records, tax documents, and bank records that would have shown that the money came from lawful sources. (R. 829, Page ID 7522). In support, he attaches an "unsworn affidavit of fact" to his § 2255 motion, asserting that he had legitimate businesses (reselling electronics and furniture on the internet and working landscaping and maintenance jobs) and provided the records from these businesses to his trial counsel. (*Id.* at 7528). However, this affidavit falls woefully short of its purpose as it does not describe the specific records that counsel allegedly had in his possession and their content, which is necessary to show that he used lawfully-obtained funds to further his drug enterprise. *See Hutchison v. Bell*, 303 F.3d 720, 748 (6th Cir. 2002) ("[A] petitioner cannot show deficient performance or prejudice resulting from a failure to investigate if the petitioner does not make

9

some showing of what evidence counsel should have pursued and how such evidence would have been material."). Accordingly, Agundiz-Montes's failure to adequately support his argument is fatal to his ineffective-assistance claim. *See Thomas*, 849 F.3d at 679; *Wogenstahl v. Mitchell*, 668 F.3d 307, 343 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim.").

### B. Agundiz-Montes cannot relitigate issues raised on direct appeal

In his fourth claim, Agundiz-Montes argues that this Court erred in holding him responsible at sentencing for one to three kilograms of heroin as recommended in the presentence investigation report because the jury attributed much less heroin to him. (R. 829, Page ID 7522-24). The Government correctly argues that Agundiz-Montes is improperly trying to relitigate an issue decided adversely on direct appeal. (R. 836, Page ID 7551).

Agundiz-Montes unsuccessfully raised this very issue on direct appeal. *See Agundiz-Montes*, 679 F. App'x 380, 390 (6th Cir. 2017) (concluding that this claim failed because the presiding District Judge properly held Agundiz-Montes responsible for the drugs that he and his coconspirators distributed in accordance with USSG § 1B1.3(a)(1)(A)-(B)). He cannot relitigate the issue now as he has not identified highly exceptional circumstances permitting him to do so. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("It is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.").

At the end of the section of his memorandum addressing this claim, Agundiz-Montes tacks on an ineffective-assistance-of-counsel claim:

> All in all, the Petitioner asserts he received ineffective assistance of counsel regarding this Ground Four claim because his defense counsel failed to research the law and find on point authorities that could have [persuaded] the court to stay within

10

the jury's verdict regarding the drug amount for which the Petitioner was to be sentenced.

(R. 829, Page ID 7524). This summary variant of his principal claim fails as Agundiz-Montes has once more failed to explain how counsel's performance was unreasonable and how the result of the proceeding would have been different had counsel performed effectively. *See Thomas*, 849 F.3d at 679; *Wogenstahl*, 668 F.3d at 343.

### C. Agundiz-Montes incorrectly argues that the Government failed to address his claims

In his reply brief, Agundiz-Montes argues that the Government failed to address his claims, which almost exclusively allege ineffective-assistance of counsel, and instead only "repeat[s] the Court of Appeal[']s opinion with respect to the Petitioner's direct appeal brief." (R. 842, Page ID 7574). He is incorrect. The Government specifically noted and directed its arguments to Agundiz-Montes's ineffective-assistance claims throughout its brief. (*See* R. 836). And its citation to the Sixth Circuit's opinion on direct appeal was proper as Agundiz-Montes sought to argue that his trial counsel was ineffective in litigating those claims at the trial level. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.").

### D. Agundiz-Montes is not entitled to an evidentiary hearing

Agundiz-Montes requests an evidentiary hearing in his reply brief. (R. 842, Page ID 7579). However, no hearing is necessary "where the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Here, the briefs on Agundiz-Montes's § 2255 motion, along with the record in this case, conclusively show that he is not entitled to the

relief he seeks. Accordingly, no evidentiary hearing is required, and it will be recommended that his request be denied.

### III. CERTIFICATE OF APPEALABILITY

Under Rule 11 of the Federal Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court explained this requirement in *Slack v. McDaniel*, 529 U.S. 473 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought under 28 U.S.C. § 2255). Where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Agundiz-Montes's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it also will be recommended that a certificate of appealability be denied upon the District Judge's entry of a final order in this matter.

## IV. CONCLUSION AND RECOMMENDATIONS

For the reasons stated above, **IT IS RECOMMENDED** that:

(1) Agundiz-Montes's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 829), including his request for an evidentiary hearing, **be denied;**

(2) a Certificate of Appealability **be denied** by the District Judge in conjunction with the Court's entry of its final order in this matter;

(3) Judgment in favor of the United States **be entered** contemporaneously with the Court's entry of its final order; and

(4) this action **be stricken** from the active docket.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 28th day of August, 2019.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 ineffective assistance counsel\13-68-DLB Agundiz-Montes R&R final.docx

13