UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL ACTION NO. 13-68-DLB-CJS-10**
**CIVIL ACTION NO. 18-80-DLB-CJS**

UNITED STATES OF AMERICA                                                            PLAINTIFF

v.          **ORDER ADOPTING REPORT AND RECOMMENDATION**

FELIX AGUNDIZ-MONTES                                                                DEFENDANT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Magistrate Candace J. Smith's Report and Recommendation (R&R) (Doc. # 852), wherein she recommends that Defendant Agundiz-Montes's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. # 829) be denied. Defendant filed Objections to the R&R (Doc. # 864). For the reasons set forth below, the Defendant's Objections are **overruled** and the R&R is **adopted** as the findings of fact and conclusions of law of the Court.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On December 11, 2014, Defendant Agundiz-Montes was indicted on multiple counts related to conspiracy to distribute heroin and marijuana, distribution of heroin and marijuana, and money laundering. (Doc. # 413). Following a jury trial, Defendant was convicted of conspiracy to distribute heroin, attempted possession of marijuana with intent to distribute, and conspiracy to launder money. (Doc. # 572). On July 29, 2015, Defendant was sentenced to a term of 155 months, followed by 10 years of supervised release. (Doc. # 707). Defendant appealed his sentence to the Sixth Circuit (Doc. # 708),

which affirmed his conviction and sentence on February 8, 2017. *United States v. Agundiz-Montes*, 679 F. App'x 380 (6th Cir. 2017) (*See* Doc. # 779).

On May 14, 2018, Defendant filed a Motion to Vacate his sentence under 28 U.S.C. § 2255. (Doc. # 824). He later filed an Amended Motion to Vacate, as ordered by Judge Smith (Doc. # 827), on July 7, 2018. (Doc. # 829). In the Memorandum supporting his Motion to Vacate, Defendant argued that his trial counsel was ineffective because he did not adequately investigate the facts or the law, did not move to sever the case from the other defendants, and did not adequately prepare for trial. (*Id*. at 4-5, 7). Further, Defendant claimed the District Court erred in imposing a sentence that did not correlate with the jury's determination of the drug quantity for which Defendant was convicted. (*Id*. at 8). Following the Government's response (Doc. # 836), Defendant submitted a reply requesting an evidentiary hearing. (Doc. # 842).

Judge Smith's R&R recommended denial of each of Defendant's claims as meritless. (Doc. # 852 at 2). Judge Smith evaluated Defendant's ineffective assistance of counsel claims under the two-prong *Strickland* test, which provides that a defendant must show that his counsel was deficient and that this actually prejudiced the defendant by affecting the outcome of the case. (*Id*. at 3).

First, Judge Smith assessed Defendant's claim that counsel was ineffective for not adequately investigating the facts or law underlying his case. (*Id*. at 4). Defendant specifically asserted that his attorney failed to investigate the existence of multiple conspiracies, which would show that he was only involved in a marijuana-distribution conspiracy. (*Id*. at 6). Judge Smith noted that in bringing this claim, Defendant appeared to be attempting to re-litigate his unsuccessful claim of prejudicial-variance, previously

2

raised on direct appeal. (*Id*. at 4). Even so, Judge Smith assumed that the issue was properly raised on collateral review and recommended denial on the merits. (*Id*. at 5). Judge Smith noted that Defendant's conclusory statements regarding this ineffective assistance claim were insufficient to warrant relief. (*Id*.). Judge Smith therefore recommended denying Defendant's first claim. (*Id*. at 7).

Second, Judge Smith discussed Defendant's contention that counsel was ineffective for failing to move to sever his case from the other conspirators at trial. (*Id*.). Defendant argued that counsel should have moved to sever because the indictment listed several different defendants involved in different portions of the conspiracy, and evidence related to other defendants "spilled-over" to implicate him. (*Id*. at 8). Judge Smith found that counsel was not required to move to sever because there was no indication that the spill-over evidence was unduly prejudicial. (*Id*.). Further, the District Judge specifically instructed the jury to consider evidence for each defendant separately. (*Id*.). For these reasons, Judge Smith recommended denying Defendant's second claim.

Third, Defendant claimed that counsel was ineffective for failing to present evidence that would have assisted the Defendant in defending the money laundering charge. (*Id*. at 9). Specifically, Defendant asserted that he provided counsel with evidence connecting the money to lawful income and attached an affidavit to his § 2255 motion attesting that the records were connected to legitimate businesses. (*Id*.). However, Judge Smith determined that Defendant failed to provide copies or describe the records in the necessary detail. (*Id.*). Due to lack of evidentiary support, Judge Smith recommended denying Defendant's third ineffective assistance of counsel claim. (*Id*. at 10).

Fourth, Judge Smith addressed Defendant's claim that the District Court erred in sentencing him for a higher quantity of heroin than the jury attributed to him. (*Id.*). In recommending denial of this claim, Judge Smith relied on the fact that this claim had been addressed in Defendant's original appeal. (*Id.*). According to Judge Smith, Defendant did not present any evidence of the extraordinary circumstances required to be able to re-litigate this issue in collateral proceedings. (*Id.*). *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Instead, Defendant merely stated that counsel failed to adequately research authorities that could have persuaded the District Court to impose a lower sentence. (*Id.* at 11). In the alternative, Judge Smith recommended denying this claim as meritless. (*Id.*).

Lastly, Judge Smith denied Defendant's request for an evidentiary hearing, as unsupported by the record. (*Id.* at 11-12).

## II.   ANALYSIS

### A.   Standard of Review

The Court reviews *de novo* the portions of the R&R to which specific objections have been filed. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Where there are no objections, or the objections are vague or conclusory, the Court is not required to review the Defendant's claims. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Jenkins*, No. 6:12-cr-13-GFVT, 2017 WL 3431834, at *1 (E.D. Ky. Aug. 8, 2017). Allegations in *pro se* habeas complaints are held to a less stringent standard and are construed liberally, however "inartfully pleaded." *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

An objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). Thus, "objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived." *Holl v. Potter*, No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011). Where an objection is simply a repetition of what the Magistrate Judge has already considered, it fails "to put the Court on notice of any potential errors in the Magistrate's R&R." *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938). The findings of fact and conclusions of law in the R&R to which Defendant has not objected are adopted as the Court's. *Arn*, 474 U.S. at 150.

### B.    Defendant's Objections

Defendant makes several objections to the R&R. (*See* Doc. # 864). Defendant first objects to Judge Smith's discussion of his re-litigation of the prejudicial-variance claim he had previously raised on appeal. (*Id*. at 6). In support of this objection, Defendant cites case law that provides "this is not to say that an argument rejected on direct appeal can never serve as basis for an ineffective assistance of counsel claim on collateral review." (Doc. # 864 at 5-6) (citing *United States v. Johnson*, No. 11-cr-20767, 2016 U.S. Dist. LEXIS 137823, at *13 (E.D. Mich. Aug. 17, 2016)). However, Judge Smith specified that even though several of Defendant's ineffective assistance of counsel claims appeared to be, in essence, an attempt to relitigate the prejudicial-variance claim, she

5

would consider his ineffective assistance of counsel claims on the merits. (Doc. # 852 at 5). Because Judge Smith addressed this particular ineffective assistance of counsel claim solely on the merits, there is no need to analyze whether Defendant can re-litigate issues raised on appeal.

Defendant also raises several general objections to the R&R. In doing so, Defendant essentially summarizes each of his ineffective assistance of counsel claims and asks the Court to reach a different conclusion that the one reached by Judge Smith. (Doc. # 862 at 7-11). However, these do not constitute proper objections, as they "simply summarize[] what has been presented before," and ask for a different outcome. *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938). This discussion of objections mirrors the language and argument that Defendant used in his memorandum supporting his Motion to Vacate. (Doc. # 829 at 9). For example, Defendant reiterates his argument raised before Judge Smith that "he has shown on his previous response that in fact there were more than one conspiracies occur[r]ing at once and as such multiple participants were actively participating on such conspiracies." (Doc. # 864 at 8). As specified above, these objections only "summarize what has been presented before," and therefore are general objections that will be denied. *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938). Defendant may disagree with Judge Smith's conclusion regarding his ineffective assistance of counsel claims, but he has failed to make specific objections to her findings. (Doc. # 864 at 6). Accordingly, Defendant's general objections are overruled.

Similarly, Defendant's last claim that the District Court erred in sentencing him for a higher quantity of heroin than the jury attributed to him "simply summarizes what has

been presented before," and asks for a different outcome. *Shephard*, 2016 WL 9115464, at *1 (citing *VanDiver*, 304 F. Supp. 2d at 938). Defendant's objection is not a true objection as it simply resuscitates the same argument, made in his original Motion to Vacate, which Judge Smith recommended denying. (*See* Doc. # 829 at 11-12; Doc. # 864 at 10). Judge Smith rejected this argument in her R&R because Defendant unsuccessfully litigated the purported District Court error on appeal. (Doc. # 852 at 10). Judge Smith's basis for denying the claim was that Defendant did not identify the exceptional circumstances needed to re-litigate the issue as required. (*Id*.). *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("a § 2255 motion may not be employed to relitigate an issue that was raised on direct appeal absent highly exceptional circumstances, such as an intervening change in law"). Because Defendant did not specifically object to Judge Smith's decision on this basis or provide the Court with further exceptional circumstances that could warrant re-litigating the issue, this objection is overruled.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) Defendant's Objections to the Magistrate Judge's R&R (Doc. # 864) are hereby **OVERRULED**;

(2) The Magistrate Judge's Report and Recommendation (Doc. # 852) is **ADOPTED** as the findings of fact and conclusions of law of the Court;

(3) Defendant's Motion to Vacate his Conviction and Sentence under 28 U.S.C. § 2255 (Doc. # 829) is hereby **DENIED**;

7

(4)     The Court determines there would be no arguable merit for appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**;

(5)     This matter is hereby **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket; and

(6)     A Judgment shall be entered contemporaneously herewith.

This 29th day of September, 2020.

Signed By:
*David L. Bunning*   DB
United States District Judge